FILED _____ LODGED
_____ RECEIVED

Jun 05, 2025

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MATTHEW RANDALL PING,<br><br>Defendant. | NO. CR25-5137 TMC<br><br>INFORMATION |

The United States Attorney charges that:

**Overview**

1. Between 2009 and June 2023, defendant MATTHEW RANDALL PING was employed at the Washington State Office of Administrative Hearings ("OAH"). By 2017, OAH promoted PING to a Management Analyst position. As a Management Analyst, PING's duties included, among other things, serving as OAH's credit card custodian. PING's role as a credit card custodian meant that he was responsible for the security and management of OAH's credit cards, ensuring OAH's compliance with internal credit card policies, and monitoring OAH's credit card use and purchases.

2. As described below, PING abused his position and access to OAH credit cards to secretly divert over $875,000 of OAH's funds to accounts under PING's control,

Information - 1
United States v. Matthew Randall Ping
USAO#2024R00806

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

and then used those funds for his own purposes. In addition, PING willfully failed to report this income on his tax returns, resulting in a tax loss to the United States Treasury of nearly $250,000.

## Count 1

### (Wire Fraud)

**A. The Scheme to Defraud**

3. Beginning at a time unknown, but no later than about July 2019, and continuing until about May 2023, in Thurston County, within the Western District of Washington, and elsewhere, MATTHEW RANDALL PING devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

4. The essence of the scheme and artifice to defraud was for PING to enrich himself by secretly transferring OAH funds to his own accounts while creating the appearance that the funds were being used for legitimate business expenses of OAH.

**B. Manner and Means**

The following conduct was part of the scheme and artifice to defraud:

5. As a Management Analyst at OAH, PING was designated as credit card custodian for OAH. According to internal OAH policy, the credit card custodian was responsible for developing and maintaining the security of OAH's credit cards, ensuring OAH adherence to credit card policies, collecting receipts, reconciling invoices, and other tasks related to managing and monitoring OAH's credit card use. Throughout his scheme, PING utilized his role as credit card custodian for OAH to enable his fraud and hide the scope of his theft from other OAH employees.

6. In July 2019, PING opened an account with the payment processor Square (the "Square Account"). PING listed his own address, date of birth, email address, name, and social security number on the subscriber information for the Square Account, and

Information - 2
United States v. Matthew Randall Ping
USAO#2024R00806

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

linked his bank accounts to the Square Account. However, PING created and used three different display names for the Square Account that PING designed to create the false appearance that the Square Account was associated with legitimate vendors.

7. Between 2019 and 2021, PING secretly charged more than $330,000 to OAH credit cards for purported payments to these fictitious vendors using the Square Account.

8. In 2021, PING stopped using Square but continued his fraud through the payment processing company Intuit. In August 2021, PING opened an account with Intuit using the business name SRBC Consulting (the "Intuit Account"). PING listed his name and bank account information in the subscriber information for the Intuit Account. Like the display names PING created for the Square Account, PING used the name SRBC Consulting to give the false appearance that the Intuit Account was associated with a legitimate vendor. PING also registered a business named SRBC Consulting with the Washington Department of Revenue using his name and address.

9. Between 2021 and 2023, PING secretly caused OAH to transfer approximately $530,000 in OAH funds to the Intuit account by charging OAH's credit card for purported payments to SRBC Consulting.

10. None of the charges that PING made on the Square Account or the Intuit Account using OAH's credit card were made for legitimate services or products provided to OAH. PING transferred the funds provided by Square and Intuit as a result of these OAH credit card charges to his own bank accounts, and used the funds for his own purposes.

11. Between 2019 and 2023, PING also used OAH's credit cards directly for unauthorized personal purchases at Verizon and Walmart. PING charged a total of $17,359 on OAH's credit cards for these personal purchases.

Information - 3
*United States v. Matthew Randall Ping*
USAO#2024R00806

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. Throughout his scheme, PING made efforts to conceal his fraud from OAH by disregarding OAH's policies and procedures, and by hiding information about his fraud from other OAH employees. As one example, OAH required credit card transactions to be reviewed and approved by multiple OAH employees before OAH made payments on the credit card accounts. To hide his fraudulent transactions from that review process, PING downloaded incomplete credit card transaction reports that omitted his fraudulent transactions and submitted those incomplete transaction reports to other OAH employees for review and approval. Once the legitimate transactions were reviewed and paid down through the correct approval process, PING would circumvent OAH's approval process for the remaining fraudulent transactions by uploading, approving, and releasing payments for those transactions by himself without oversight from other employees.

13. PING also manipulated OAH's internal accounting data to further conceal his scheme. OAH policies and practice required that credit card payments be documented via sequential batch numbers, and another OAH employee was responsible for reviewing all batch payments. However, after OAH made legitimate credit card payments under a certain batch number, PING would log his payments for fraudulent credit card transactions using a batch payment number that duplicated the batch payment number for the legitimate payment. This batch number duplication allowed PING to conceal his fraudulent payments because the OAH employee responsible for reviewing payment batches would be unable to notice that there were batch payment numbers that the employee had not reviewed.

14. As OAH's credit card custodian, PING was the only employee at OAH with access to OAH's online credit card account and monthly credit card statements. He was also responsible for reconciling OAH's credit card activity and collecting supporting

Information - 4
*United States v. Matthew Randall Ping*
USAO#2024R00806

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

documentation and receipts for credit card transactions. During his scheme, he did not perform these functions in an effort to hide his fraud from OAH.

15. In all, PING secretly executed at least 210 credit card transactions on the Square and Intuit accounts that charged at least $860,756 on OAH's accounts. PING also charged $17,359 on OAH credit cards for personal purchases. In total, PING's conduct caused at least $878,115 in losses to OAH between 2019 and 2023.

**D. Execution of the Scheme to Defraud**

16. PING used interstate wire transmissions to execute his scheme to defraud. As one example, on or about May 10, 2023, in Thurston County, within the Western District of Washington, and elsewhere, MATTHEW RANDALL PING, for the purpose of executing and attempting to execute the scheme to defraud, knowingly transmitted, and caused to be transmitted, writings, signs, signals, pictures, and sounds, by initiating a credit transaction from Washington charging $10,000 on OAH's U.S. Bank credit card that was processed on U.S. Bank's servers located outside of Washington.

All in violation of Title 18, United States Code, Section 1343 and Section 2.

**Count 2**

**(Making and Subscribing a False Tax Return)**

17. The allegations contained in Count 1 above are realleged and incorporated by reference.

18. The payments PING made to himself were taxable income. However, PING did not report this income on his Form 1040 individual tax returns for the tax years 2020 through 2023. For each of these years, PING willfully made and subscribed a tax return under penalty of perjury that he did not believe to be true and correct as to every material matter. PING's failure to accurately report his income resulted in a total of an additional $240,247 in tax due and owing.

19. As one example of these false tax returns, on or about April 23, 2023, in Thurston County, within the Western District of Washington, and elsewhere,
Information - 5
United States v. Matthew Randall Ping
USAO#2024R00806

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

MATTHEW RANDALL PING willfully made and subscribed a Form 1040 tax return for the tax year 2022, which was verified by a written declaration that it was made under the penalties of perjury, and which MATTHEW RANDALL PING did not believe to be true and correct as to every material fact. Specifically, PING represented that his adjusted gross income for the tax year 2022 totaled $329,810.00. PING willfully failed to report that he had received an additional $289,950.50 in income from his employer that year through the embezzlement scheme described above.

All in violation of Title 26, United States Code, Section 7206(1) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts 1 and 2 above are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

Upon conviction of the offense alleged in Count 1, MATTHEW RANDALL PING shall forfeit to the United States any property constituting, or derived from, proceeds Defendant obtained directly or directly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to a sum of money reflecting the proceeds the Defendant obtained as result of the offense.

Upon conviction of the offense alleged in Count 2, MATTHEW RANDALL PING shall forfeit to the United States any property used or intended to be used to facilitate the offense, pursuant to Title 26, United States Code, Sections 7301 and 7302, by way of Title 28, United States Code, Section 2461(c).

**Substitute Assets.** If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

Information - 6
*United States v. Matthew Randall Ping*
USAO#2024R00806

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

        d.    has been substantially diminished in value; or,

        e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

DATED this 5th day of June, 2025.

_____ For
TEAL LUTHY MILLER
Acting United States Attorney

_____
SETH WILKINSON
Assistant United States Attorney

_____
DANE A. WESTERMEYER
Assistant United States Attorney

Information - 7
*United States v. Matthew Randall Ping*
USAO#2024R00806

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970